Anthony Bartell
abartell@mccarter.com
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPINE COUNTRY CLUB, | : Civil Action No: |
| Plaintiff, | : |
| v. | : **COMPLAINT AND JURY DEMAND** |
| SOMPO AMERICA INSURANCE COMPANY, | : |
| Defendant. | : |

Plaintiff Alpine Country Club ("Alpine"), complaining of defendant Sompo America Insurance Company ("Sompo"), hereby alleges and says:

### INTRODUCTION

1.     Alpine purchased from defendant a first party Commercial Property insurance policy providing coverage limits of nearly $39.5 million.  The policy specifically covers damage caused by "rain or water" arising from a "Named Storm."  Plaintiff, on September 1, 2021, suffered precisely such "rain or water" damage arising from Named Storm Ida.  When Alpine sought coverage from defendant for its costs arising from such damage (totaling nearly $10 million), however, Sompo ran for cover rather than coverage.  Through the linguistic alchemy practiced so often by insurance companies, defendant contends plaintiff's Named Storm damage arose from a "flood," which allegedly entitles Alpine to only $500,000 in coverage.  The

remaining approximately $9.5 million must come, defendant argues, from plaintiff's very own shallow pockets.  Sompo, moreover, put plaintiff through more than one year of a completely worthless claim "investigation," knowing full well that nothing learned from such "investigation" could or would change defendant's position that it need pay only $500,000 toward plaintiff's Ida-related "rain or water" damage.

## NATURE OF ACTION

2.     Plaintiff brings this action against defendant for:  (i) a declaratory judgment, pursuant to 28 *U.S.C.* §2201, that defendant must provide insurance coverage to plaintiff for damages it suffered as a result of Named Storm Ida; (ii) compensatory and consequential damages arising from defendant's breach of its insurance policy; and (iii) consequential damages arising from defendant's bad faith conduct toward plaintiff.

## PARTIES

3.     Plaintiff Alpine incorporated as a nonprofit corporation in New Jersey and maintains its principal place of business in Demarest, New Jersey.

4.     Defendant Sompo incorporated in North Carolina and, upon information and belief, maintains its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.     This Court possesses subject matter jurisdiction over this action, pursuant to 28 *U.S.C.* §1332(a)(2), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this action involves a dispute between citizens of different states.

6.     Venue properly lies in this Court pursuant to 28 *U.S.C.* §1391.

ME1 42564874v.1

## FACTUAL ALLEGATIONS

**The Policy**

7.      Sompo sold to Alpine its Commercial Property Policy number HPRS1077Z0, effective from July 1, 2021 through July 1, 2022 ("Policy").

8.      The Policy provides first party property coverage to Alpine, and insures all perils not specifically and unambiguously excluded therein.

9.      The Policy specifically covers damage arising from a "Named Storm," which the Policy defines as:

> a storm that, at any time, has been declared by the United States National Weather Service, World Meteorological Organization, or similar organization or body responsible for naming tropical weather systems, to be a Hurricane, Typhoon, Tropical Cyclone, Tropical Storm, or Tropical Depression, including any status or designation change with respect to such storm. Named storm shall include direct physical loss or damage including but not limited to:
>
> ****
>
> f.      Rain or water (not constituting a flood), whether the rain or water is driven by wind or not, that enters a building or structure insured under this Policy.

10.     Alpine paid substantial premiums to purchase the Policy, and Alpine has complied, and continues to comply, fully with all applicable terms and conditions of the Policy.

**Named Storm Ida**

11.     On September 1, 2021, Named Storm Ida, a Category 4 storm, hit New Jersey, bringing substantial rain and high winds traveling in a north and northeast direction.

12.     Alpine suffered widespread damage to its buildings and grounds as a result of rain and/or water produced by Named Storm Ida.

- 3 -

13.     Alpine has incurred nearly $10 million in costs arising from damage to its property caused by Ida-related rain and/or water.

**Defendant's Sham Claim "Investigation"**

14.     On or about September 2, 2021, Alpine timely reported its Ida-related damage to Sompo.

15.     Alpine subsequently received an October 8, 2021 letter from Sompo's "independent" adjuster Sedgwick, which conveyed Sompo's conclusion that (i) its Policy provides coverage for Alpine's Ida-related water/rain damage, but that (ii) it need pay only $500,000 towards Alpine's water/rain damage because such damage allegedly arose entirely from a "flood" and thereby triggers the Policy's $500,000 sublimit for "flood" damage.

16.     Defendant thereafter issued a $500,000 payment to Alpine on November 3, 2021. Sompo refuses to make any further coverage payments toward Alpine's remaining nearly $9.5 million in Ida-related damages.

17.     Not content to pay Alpine only 5% of its covered losses, and let a court decide quickly whether the insurer violated its coverage obligations, Sompo has engaged in a year-long (and counting) sham claim "investigation" which shows no signs of abating.  The insurer's behavior has forced Alpine to expend its precious resources on counsel and an engineer to cooperate with Sompo's "investigation," which has included three (3) visits to plaintiff's property (with promises of more).

18.     Defendant's "investigation," as mentioned above, has served no purpose other than to compel Alpine to exhaust its precious funds and delay indefinitely the equitable resolution of the parties' coverage dispute.  Such "investigation," in truth, could serve no other, legitimate purpose because given the (wholly erroneous) grounds upon which Sompo restricts its

- 4 -

coverage obligations, nothing Sompo could learn from its "investigation" could alter its coverage position.

19.     Sompo confirmed the bad faith nature of its "investigation" by issuing to Alpine another coverage letter on July 19, 2022.  Despite having completed, by that point, more than 10 months of its "investigation," including its third site visit, Sompo articulated the exact same coverage position, based on the exact same reasons, expressed in its very first  coverage communications to Alpine.

20.     Sompo's July 19, 2022 letter nevertheless asks Alpine to provide yet additional documentation, and even demands plaintiff produce witnesses to testify under oath about such subjects as "The direction of the wind / rain … during the storm."

## COUNT I
## DECLARATORY JUDGMENT

21.     Alpine repeats the allegations of Paragraphs 1 through 20 and makes them a part hereof as if fully set forth at length herein.

22.     Alpine contends the relevant Policy language, when applied to the material facts, requires Sompo to provide full coverage to Alpine, above the Policy's $500,000 "flood" sublimit, for damages arising from rain and water produced by Named Storm Ida.

23.     Sompo contends it need pay Alpine only 5% (*i.e.*, $500,000) of its Ida-related costs because the insurer can bear its burden of proving all of Alpine's Ida-related damage arises from a "flood," and because New Jersey's "efficient proximate cause" principles do not apply here.

24.     By reason of the foregoing, an actual and justiciable controversy exists between Alpine and Sompo regarding their rights and obligations under the Policy.

ME1 42564874v.1

25.     The rights, status and other legal obligations of Alpine and Sompo remain uncertain and insecure.   The parties, therefore, need a judicial declaration to terminate the uncertainty and to confirm Sompo's obligation to pay Alpine's full damages stemming from Named Storm Ida.

**COUNT II**
**BREACH OF CONTRACT**

26.     Alpine repeats the allegations of Paragraphs 1 through 25 and makes them a part hereof as if fully set forth at length herein.

27.     Alpine has incurred nearly $10 million in damages caused by Named Storm Ida, and Alpine will continue incurring time and expense complying with defendant's sham "investigation' into plaintiff's coverage claim.

28.     The Policy provides coverage, not limited to $500,000, for Alpine's Ida-related damages.

29.     Alpine has complied fully with all applicable terms and conditions of the Policy.

30.     Sompo has breached the Policy by refusing to provide coverage for more than 5% (*i.e.*, $500,000) of Alpine's costs arising from rain and water damage caused by Named Storm Ida.

31.     As a result of Sompo's Policy breaches, Alpine has sustained and will sustain damages in an amount to be determined at trial.

**COUNT III**
**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

32.     Alpine repeats the allegations of Paragraphs 1 through 31 and makes them a part hereof as if fully set forth at length herein.

33.     Sompo bears a fiduciary duty of good faith and fair dealing to Alpine.

ME1 42564874v.1

34.     Sompo's good faith duties to Alpine include the obligation to conduct a prompt and objectively reasonable investigation of Alpine's coverage claim.

35.     Sompo breached its good faith duties to Alpine by undertaking a sham "investigation" of plaintiff's Ida-related coverage claim.  Such "investigation" has been anything but prompt and, in fact, has now extended for more than one year, with no end in sight.

36.     Sompo's sham "investigation" also has been anything but objectively reasonable in that – as Sompo has known from the beginning – given the (mistaken) grounds upon which Sompo restricts its coverage obligations, nothing the insurer could learn from its "investigation" could possibly alter its coverage position.

37.     Sompo's bad faith conduct has caused Alpine consequential damages in an amount to be determined at trial.

**WHEREFORE,** plaintiff demands judgment in its favor against defendant:

1.      declaring the Policy provides full coverage for Alpine's Ida-related damages, not limited by the Policy's  $500,000 "flood" sublimit;

2.      for money damages, not limited to the Policy's liability limits, including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest, arising from Sompo's breaches of the Policy;

3.      for money damages, not limited to the Policy's liability limits, arising from Sompo's breaches of its obligations of good faith to Alpine;

4.      for costs of suit;

5.      for counsel fees pursuant to New Jersey Court Rule 4:42-9(a)(6); and

6.      for such further relief the Court may deem just and proper.

- 7 -

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff

By:_____
Anthony Bartell
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
abartell@mccarter.com
(973) 622-4444

Dated:  September 28, 2022

- 8 -

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by its undersigned counsel, hereby certifies, pursuant to Local Civil Rule 11.2, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

By:_____

Anthony Bartell
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
abartell@mccarter.com
(973) 622-4444

Dated: September 28, 2022

ME1 42564874v.1